24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vildred M. DAVIS, Plaintiff-Appellant,
v.
NORTHROP CORPORATION, a California corporation; Richard
Vandal, Defendants-Appellees.
 No. 92-56373.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1994.*
Decided May 6, 1994.
 
 Before: HUG, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Plaintiff-appellant Vildred Davis ("Davis"), a Black woman, brought suit against her former employer, defendant-appellee Northrop Corporation ("Northrop"), and her former supervisor at Northrop, defendant-appellee Richard Vandal ("Vandal"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Davis claimed that she was the victim of continuous and severe racial harassment and discrimination perpetrated by Vandal. Davis sought damages for discrimination she allegedly suffered while working at Northrop, as well as compensation for wages she lost as a result of her leaving Northrop's employ.
 
 
 3
 After a bench trial, the district court entered judgment for Northrop and Vandal, finding that Davis had failed to prove that she was the victim of racial discrimination. Davis appealed the district court's ruling. We now affirm.
 
 II.
 
 4
 The findings of fact in a Title VII discrimination claim may be overturned on appeal only if they are clearly erroneous. Bouman v. Block, 940 F.2d 1211, 1220 (9th Cir.1991). Under the clearly erroneous standard, we must accept the district court's findings of fact so long as "the district court's account of the evidence is plausible in light of the record viewed in its entirety." Service Employees Int'l Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985)).
 
 III.
 
 5
 At trial, Davis introduced evidence that she had been specifically targeted by Vandal for racial discrimination. She testified on her own behalf that Vandal hurled racial epithets towards her, assigned her to difficult jobs without providing training, and otherwise verbally abused her in front of other employees. Davis also introduced corroborative testimony from co-workers.
 
 
 6
 Vandal and Northrop controverted this evidence with testimony from Vandal, who stated that he did not discriminate against Davis, or in any other way harass her. Vandal's testimony was bolstered by several other Northrop employees, who stated that they observed Vandal and Davis working together, but never witnessed any of the abuse alleged by Davis.
 
 
 7
 Besides alleging that she was specifically targeted for discrimination, Davis presented evidence that Vandal's behavior generally created a work environment hostile to Black employees. Doris Evans, a co-worker of Davis, testified that Vandal used abusive, racist language toward her during a confrontation. Evans' testimony was corroborated by two other witnesses, both of whom claimed they had observed Vandal use derogatory racial terms during the encounter with Evans. Vandal and Northrop introduced evidence, in the form of testimony from Northrop employees, that the working environment was not hostile to Black workers.
 
 
 8
 The district court evaluated the conflicting evidence and the credibility of the witnesses. We must give special deference to a trial court's findings when such findings are based on determinations regarding the credibility of witnesses. Anderson, 470 U.S. at 575.
 
 
 9
 [W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.
 
 
 10
 Id. The findings of the Court were adequately supported by the record and were not clearly erroneous.
 
 
 11
 In addition to seeking damages for discrimination allegedly suffered while she was employed at Northrop, Davis sought to recover for wages and benefits lost as a result of being forced to quit her job because of the alleged discriminatory conduct. In order for a Title VII plaintiff to prevail on a claim for wages and benefits lost after she voluntarily quits her job, she must establish that she was "constructively discharged." See e.g., Nolan v. Cleland, 686 F.2d 806, 811-13 (9th Cir.1982).
 
 
 12
 Because Davis failed to prevail on her claims of discriminatory treatment and a hostile environment, there is, in turn, no basis for finding a constructive discharge. Davis' claim of constructive discharge is further vitiated by the fact that Northrop transferred Vandal to another department, and offered Davis the opportunity to continue her employment under a new supervisor, before Davis left her job.
 
 IV.
 
 13
 The district court found that Davis failed to establish that Northrop discriminated against her, created a hostile working environment, or constructively discharged her. Because these findings were not clearly erroneous, the order of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3